**FORD MOTOR COMPANY, Appellant,**

v.

**Glenn MILLER, Individually and as Personal Representative of the Heirs and Estate of Carolyn Miller, deceased, Shawn Leann Dean, John Roland, and Alma Roland, Appellees.**

No. 14–05–00026–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 2008.

Sean M. Higgins, Craig A. Morgan, Houston, for appellant.

Charles S. Siegel, Sean Patrick, Leslie Carol Maclean, Ronald C. Eddins, Dallas, Craig V. Depew, Houston, Michael P. Fleming, Conroe, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

This appeal arises from a $10,000,000 jury verdict against appellant Ford Motor Company in favor of appellees Glenn Miller, Individually and as Personal Representative of the Heirs and Estate of Carolyn Miller, Deceased, Shawn Leann Dean, John Roland, and Alma Roland. The jury determined that Roland had been injured from exposure to asbestos at a Ford facility in Michigan, where he periodically worked as an employee of an independent contractor from 1954 to 1965, and that Carolyn Miller, his now-deceased stepdaughter, had been exposed to this asbestos from washing Roland's work clothes. In five issues, Ford challenges the judgment, arguing that it owed no duty to either Roland or Miller, Roland has no compensable injury, the evidence was legally insufficient to establish causation, and the trial court erred in refusing to submit a proportionate responsibility instruction. We reverse and render judgment in favor of Ford.

## I. BACKGROUND

From 1954 to 1965, Roland was a union laborer in Michigan, and independent contractors hired him to work in numerous industrial facilities, including Ford's Rouge facility outside of Detroit. Roland's job was to repair, tear out, and rebuild blast furnaces. This was extremely dirty work, which left Roland's body and clothes covered with filth. He wore no protective clothing at work and did not shower or change clothes before going home. Miller assisted her mother in washing these work clothes and eventually took over the job when she was about twelve years old.

In 1999, many years after she left home and no longer washed these clothes, Miller became ill and was diagnosed with mesothelioma, a fatal form of cancer that is often caused by asbestos exposure. Miller died in 2000. Chest x-rays for Roland revealed the existence of pleural plaques, which is a condition consisting of benign, asymptomatic scarring on the outside of the lungs that is also often caused by asbestos exposure. While pleural plaques is benign and itself causes no pain, impairment, or symptoms of any type, it increases Roland's chances of developing lung cancer in the future.

Appellees brought suit against Ford under Michigan law,[1] claiming that Ford's blast furnaces contained asbestos, thereby exposing Roland while he was working on them, who in turn exposed Miller. The jury agreed and awarded Roland $500,000 and Miller's estate and family $9,500,000. This appeal followed.

## II. ANALYSIS

### A. Ford owed no duty to Carolyn Miller.

■ In its first issue, Ford argues that the trial court erred in permitting Miller to recover because it owed no duty to her under Michigan law. Because Michigan law was unclear on this point, we granted Ford's motion to certify the following question to the Michigan Supreme Court:

Whether, under Michigan law, Ford, as owner of the property on which asbestos-containing products were located,

1. The parties are in agreement that Michigan law applies to this case.

owed to Carolyn Miller, who was never on or near that property, a legal duty specified in the jury charge submitted by the trial court, to protect her from exposure to any asbestos fibers carried home on the clothing of a member of Carolyn Miller's household who was working on that property as the employee of an independent contractor.

The Michigan Supreme Court granted the request to answer the question and answered it in the negative, holding that Ford owed Miller no such duty. *See In re Certified Question from the Fourteenth Dist. Court of Appeals,* 479 Mich. 498, 740 N.W.2d 206, 209–10 (2007). Accordingly, we sustain Ford's first issue. Because we sustain this issue, we need not address the portion of Ford's fourth issue in which it argues the evidence was legally insufficient to show that Miller's mesothelioma was proximately caused by asbestos on Ford's property.

## B. The trial court erred in awarding damages to John Roland.

■ Question 5 of the jury charge asked the jury to assess Roland's past and future damages from his injuries, including physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; embarrassment, humiliation, or mortification; and, as to future damages only, disability, including the loss or impairment of the ability to conduct daily activities. The jury awarded Roland $250,000 each for past and future damages for a total of $500,000.

It is undisputed that the only potentially asbestos-related condition Roland has is pleural plaques and that this pleural plaques is completely benign and asymptomatic. Roland suffers from breathing problems due to emphysema, but it is undisputed that this is caused by a lifetime of smoking and not asbestos exposure. Finally, it is undisputed that having pleural plaques increases the chances that Roland might develop lung cancer in the future but does not guarantee that he will. At trial, Roland's counsel urged the jury to base its award on this risk:

> [W]hat we are here for, at least with respect to Mr. Roland, is because he was exposed to asbestos and he's a smoker, [and] he's at a high risk for lung cancer.

■ Ford contends in its second issue that an award of damages on this basis is improper. We agree. Michigan law is clear that negligence recovery must be based on a present injury, not the fear of a speculative future injury. *See Henry v. Dow Chem. Co.,* 473 Mich. 63, 701 N.W.2d 684, 688–89 (2005); *Larson v. Johns–Manville Sales Corp.,* 427 Mich. 301, 399 N.W.2d 1, 8 (1986). As the Michigan Supreme Court stated in *Certified Question,* "recognizing a cause of action based solely on exposure—one without a requirement of a present injury—would create a potentially limitless pool of plaintiffs." 740 N.W.2d at 220. The undisputed evidence shows only that Roland *might* get cancer in the future, and that is not a sufficient basis to support a recovery. *See Henry,* 701 N.W.2d at 688–89; *Larson,* 399 N.W.2d at 8.

Apparently recognizing this problem, Roland presents several new theories on appeal to support his damages award. First, he argues that the jury could have determined that his pleural plaques could cause breathing problems in the future. In addition to being a speculative, potential injury and not a present injury, no evidence supports a conclusion that pleural plaques will cause breathing problems. The evidence regarding future injury from pleural plaques pertains only to cancer, not breathing problems. Roland next argues that the jury could have awarded damages for pleural plaques based on mental an-

guish, embarrassment, or any of the other factors listed in Question 5. However, as Roland's counsel conceded at oral argument, Roland offered no testimony to support such an award. The only evidence regarding mental anguish or anything similar from Roland involved his feelings for his role in exposing Miller to asbestos, but Roland's injury—pleural plaques—did not cause Miller's mesothelioma.

Finally, Roland now argues that he can recover damages for his pleural plaques because the scarring has permanently altered his body and is therefore a present injury. However, a mere physical change that is not detrimental does not constitute a harm. *See* RESTATEMENT (SECOND) OF TORTS § 7 cmt. b (1965). Many courts around the country have analyzed the issue of benign, asymptomatic pleural plaques in asbestos cases and have determined that pleural plaques itself is not a compensable injury. *See, e.g., In re Haw. Fed. Asbestos Cases,* 734 F.Supp. 1563, 1567 (D.Haw.1990); *Simmons v. Pacor, Inc.,* 543 Pa. 664, 674 A.2d 232, 236–38 (1996) (collecting cases). Further, even assuming Roland's pleural plaques is a compensable injury, as explained above, there was no evidence whatsoever to show any damages from that injury. Roland's counsel cited a case at oral argument for the proposition that damages are recoverable for scarring, but, unlike here, that case involved a visible scar that the plaintiff testified embarrasses her and also causes her daily pain. *See Parizon v. Children's Hosp. of Mich.,* No. 213251, 2000 WL 33391097, at *2 (Mich.Ct.App. Dec.15, 2000).

Because there is no basis to uphold the jury's damages award to Roland, we sustain Ford's second issue, and we need not address Ford's remaining issues as to Roland.

### III. CONCLUSION

Ford owed no duty to Carolyn Miller, and Roland suffered no compensable injury and provided no evidence of any damages. Thus, we reverse the trial court's judgment and render judgment in favor of Ford.